## JOHN D. JOHNSON
### v.
## JOHN W. SOMMERS.

1. EVIDENCE—LEVY OF EXECUTION.—Defendant pleaded that he took the property in dispute by virtue of an execution in his hands as sheriff, and after reading the execution in evidence, offered to show that he took the goods in question by virtue of such execution, which was refused. This was error. The evidence directly tended to prove the issue, was material and competent.

2. AMENDING LEVY BEFORE RETURN.—Defendant then offered in evidence the endorsement of levy on the back of the execution, which was general in its terms, which was refused, and thereupon the sheriff amended his levy by making a schedule particularly describing the goods levied upon, the execution being still in his hands for collection and had not been returned. *Held*, that the levy of the officer was proper evidence, and should have been admitted.

APPEAL from the County Court of Champaign county; the Hon. J. W. LANGLEY, Judge, presiding.

Messrs. SOMERS & WRIGHT, for appellant; that while an execution is in the hands of an officer he may change the indorsement thereon, cited Nelson et al. v. Cook, 19 Ill. 450.

That goods seized by virtue of an execution are not subject to replevin unless they are exempt from execution: Rev. Stat. 851, § 2.

Mr. M. B. THOMPSON, and Mr. WILLIAM B. WEBBER, for appellee; that the sheriff, by breaking into the premises of appellee, was a trespasser, and his pretended levy, therefore, void *ab initio*, cited 2 Hilliard on Torts, 93.

An officer interested in a cause cannot amend his return on process: O'Connor v. Wilson, 57 Ill. 226; Snydacker v. Brosse, 51 Ill. 357.

HIGBEE, P. J.   This was an action in replevin by appellee against appellant for a stock of drugs.

Defendant below pleaded that he was sheriff and as such an execution came to his hands for collection against appellee, and that he levied the same on the goods replevied as the property of appellee.   To this plea a replication was filed traversing and taking issue upon it.

On the trial, after the plaintiff below had rested his case, the defendant testified in his own behalf that he was sheriff of the county, read in evidence the execution described in the plea, and was asked by his attorney to state in substance whether he levied upon and took the goods replevied, under and by virtue of the execution, as the property of the plaintiff in the replevin suit.   On objection by plaintiff, the court refused to permit defendant to answer the question.   This was error.   The evidence directly tended to prove the issue, was material, and was competent evidence to prove the fact sought to be established.

Defendant then offered in evidence the indorsement on the back of the execution, showing the levy on "one general stock of drugs and other articles, such as soaps, tobacco, etc., etc.," as the property of the defendant in execution.   To which offer objection was made, and the defendant then attached to his execution a schedule more particularly describing the articles, and amended the levy by referring to, and making the schedule a part of, the same; and then again offered to read the same in evidence; but the court sustained the objection, and refused to admit the levy in evidence.   It seems from the evidence of the sheriff that at the time he amended the levy and offered it in evidence, the execution was still in his hands for

collection, and had not been returned. The levy of the officer was proper evidence, and should have been admitted by the court. The refusal by the court to admit the evidence of defendant was necessarily followed by a judgment against him from which he appeals to this Court, and assigns for error the ruling of the court in refusing to receive the evidence offered. We think the errors well assigned, and for that reason the judgment below is reversed and the cause remanded.

Reversed and remanded.